Thomas H. Curtin (TC-5753)
Thomas J. FitzGerald (TF-2426)
LATHROP & GAGE L.C.
230 Park Avenue, Suite 1847
New York, New York 10169
(212) 850-6220 (Tel)
(212) 850-6221 (Fax)
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
DR. STEVEN E. ROBBINS,                :
                                      :    Civil Action No.: 07-CV-7069 (LTS)
            Plaintiff,                :
                                      :
      -against-                       :    DEFENDANT'S ANSWER AND
                                      :    COUNTERCLAIM
THE STRIDE RITE CORPORATION,          :
                                      :
            Defendant.                :
------------------------------------------------------X

The Defendant, The Stride Rite Corporation, by and through its undersigned counsel, as and for its Answer to Plaintiff's Complaint for Patent Infringement, alleges and states as follows:

### Nature Of The Case

1. Answering paragraph 1, Stride Rite admits that Plaintiff's Complaint purports to be a civil action for infringement of United States Patent No. 6,343,426 ("the '426 Patent") brought pursuant to the United States patent laws, 35 U.S.C. § 271, *et seq.* and except as so admitted, Stride Rite denies each and every remaining allegation set forth in paragraph 1.

### Parties

2. Stride Rite is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies same.

3. Stride Rite admits the allegations of paragraph 3.

NYDOCS 53834v1

4.  Answering paragraph 4, Stride Rite admits that Sperry Top-Sider, Inc. ("Sperry Top-Sider") supplies and/or sells footwear products, including without limitation a model named the Sperry Gold Cup 2-Eye ("Accused Footwear") to various retailers in the United States, including retailers in this judicial district and, except as so admitted, Stride Rite denies each and every remaining allegation set forth in paragraph 4.

## Jurisdiction and Venue

5.  Answering paragraph 5, Stride Rite admits that this court has jurisdiction over actions properly arising under the United States patent laws pursuant to 28 U.S.C. § 1338(a) and except as so admitted, Stride Rite denies each and every remaining allegation set forth in paragraph 5.

6.  Answering paragraph 6, Stride Rite states that this paragraph contains conclusions of law to which no response is required. To the extent that paragraph 6 contains any other allegations, those allegations are denied.

7.  Answering paragraph 7, Stride Rite admits that Sperry Top-Sider has conducted and does conduct business within the State of New York and in this judicial district. Further answering, Stride Rite admits that directly or through intermediaries Sperry Top-Sider ships, distributes, offers for sale, sells and advertises its products in the United States, and that Sperry Top-Sider performs some or all of those activities in the State of New York and this judicial district. Except as so admitted, Stride Rite denies each and every remaining allegation set forth in paragraph 7.

## Claim for Relief

8.  Stride Rite is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies same.

9. Stride Rite is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies same.

10. To the extent that paragraph 10 alleges legal conclusions relating to claim interpretation, no response is required. Stride Rite further states that the claims of the '426 Patent speak for themselves. To the extent that paragraph 10 contains any other allegations, those allegations are denied.

11. Answering paragraph 11, Stride Rite admits that Sperry Top-Sider imports into, offers for sale, sells, designs and/or develops in the United States, either directly, or through its affiliates, subsidiaries and/or distributors, articles of footwear and soles, including the Accused Footwear. Except as so admitted, Stride Rite denies each and every remaining allegation set forth in paragraph 11.

12. Stride Rite denies the allegations of paragraph 12.

13. Stride Rite denies the allegations of paragraph 13.

14. Stride Rite denies the allegations of paragraph 14.

15. Stride Rite denies the allegations of paragraph 15.

16. Answering paragraph 16, Stride Rite admits that counsel for Plaintiff sent Stride Rite a copy of the '426 Patent and invited discussion on a possible licensing opportunity in connection therewith and that Stride Rite did not believe a response was necessary. Except as so admitted and stated, Stride Rite denies each and every remaining allegation set forth in paragraph 16.

17. Stride Rite denies the allegations of paragraph 17.

18. Stride Rite denies the allegations of paragraph 18.

19. Stride Rite denies each and every allegation of Plaintiff's Complaint which is not expressly admitted herein.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted, and must be dismissed.

## SECOND DEFENSE

The '426 Patent has not been and is not infringed by any product made, used, sold or offered for sale by Stride Rite, and Stride Rite has not at any time induced or contributed to the infringement of the '426 Patent.

## THIRD DEFENSE

The '426 Patent is invalid, void and unenforceable for failure to comply with one or more provisions of the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, including without limitation the statutory requirements of and conditions contained in 35 U.S.C. §§ 102, 103, and 112.

## FOURTH DEFENSE

The '426 Patent is invalid, void and unenforceable based on inequitable conduct and unclean hands of the patentee in the course of procuring the patent from the U.S. Patent and Trademark Office.

## FIFTH DEFENSE

Plaintiff is barred from recovery by reason of its coming into the Court with unclean hands and seeking to enforce a patent which it knows to be invalid, void and unenforceable or not infringed.

## SIXTH DEFENSE

Plaintiff lacks standing to bring this action since a valid and enforceable patent has not been issued.

NYDOCS 53834v1

## SEVENTH DEFENSE

Plaintiff is barred from recovery for the reason that it did not make any invention or discovery, either novel, original or otherwise, within the meaning of United States Code, Title 35.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Stride Rite prays for the following relief:

A.  That the Complaint filed herein by Plaintiff be dismissed and that Plaintiff have and recover nothing by reason thereof;

B.  That U.S. Patent No. 6,343,426 be adjudged invalid, void, and unenforceable;

C.  That it be adjudged and decreed that Defendant Stride Rite has not infringed upon U.S. Patent No. 6,343,426;

D.  That this case be adjudged and decreed an exceptional case under 35 U.S.C. § 285 and that Defendant Stride Rite recover its costs and reasonable attorneys' fees incurred herein; and

E.  That such other and further relief and damages be granted to Defendant Stride Rite as the Court deems just, equitable and proper.

## COUNTERCLAIM

COMES NOW the Defendant, The Stride Rite Corporation ("Stride Rite"), as and for its counterclaim against Plaintiff Dr. Steven E. Robbins ("Plaintiff"), alleges and states as follows:

1.  This counterclaim arises under the Patent laws, Title 35, United States Code, and is an action for declaratory judgment of patent invalidity, unenforceability, and noninfringement under 28 U.S.C. §§ 2201, 2202 and 1338(a).

2.  This Court has jurisdiction over this counterclaim under 28 U.S.C. §§ 1338 and 2201. The venue is proper under 28 U.S.C. §§ 1391 and 1400.

NYDOCS 53834v1

3. Counterclaimant Stride Rite is, and at all relevant times has been, a Massachusetts corporation having a principal place of business in Lexington, Massachusetts.

4. Upon information and belief, Plaintiff and Counterclaim-Defendant Dr. Steven E. Robbins is a Canadian citizen.

5. Plaintiff claims to be the sole inventor and owner of all right, title and interest in and to United States Letters of Patent No. 6,343,426 ("the '426 Patent").

6. An actual case or controversy exists between Stride Rite and Plaintiff regarding the validity, enforceability and infringement of the '426 Patent, in part because Plaintiff has filed the underlying Complaint alleging that Stride Rite has infringed the '426 Patent.

7. The '426 Patent is invalid, void and unenforceable for one or more of the reasons alleged in the Second Defense through Seventh Defense of the above Answer, all of which allegations are incorporated herein by reference.

WHEREFORE, Defendant Stride Rite denies that Plaintiff Dr. Steven E. Robbins is entitled to any of the relief sought in the Complaint, and prays for judgment as follows:

A. Dismissing the Complaint with prejudice;

B. Adjudging and declaring the '426 Patent to be invalid;

C. Adjudging and declaring the '426 Patent to be unenforceable against Defendant Stride Rite;

D. Holding that Defendant Stride Rite has not infringed the '426 Patent;

E. Adjudging and declaring that this case is exceptional within the meaning of 35 U.S.C. § 285;

F. Awarding Defendant Stride Rite its reasonable attorneys' fees and costs in connection with this action; and

G.  Awarding Defendant Stride Rite such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to rule 38 of the Federal Rule of Civil Procedure, Defendant-Counterclaimant Stride Rite hereby demands a jury trial as to all issues of fact triable by jury incident to both Plaintiff's Complaint and Defendant Stride Rite's Counterclaim.

Dated: October 5, 2007

LATHROP & GAGE L.C.

s/thomas j. fitzgerald
Thomas H. Curtin (TC 5753)
tcurtin@lathropgage.com
Thomas J. FitzGerald (TF 2426)
tfitzgerald@lathropgage.com
LATHROP & GAGE L.C.
230 Park Avenue, Suite 1847
New York, NY 10169
Telephone: (212) 850-6220
Facsimile: (212) 850-6221

and

William A. Rudy MO #36996
wrudy@lathropgage.com
*Admitted pro hac vice*
David V. Clark MO #35134
dclark@lathropgage.com
*Admitted pro hac vice*
Travis W. McCallon MO #56979
tmccallon@lathropgage.com
*Admitted pro hac vice*
2345 Grand Blvd., Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001

*Attorneys for Defendant
The Stride Rite Corporation*

NYDOCS 53834v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October, 2007, I electronically filed the **DEFENDANT'S ANSWER AND COUNTERCLAIM** with the Clerk of the Court by using the CM/ECF system.

I further certify that on the 5th day of October, 2007, I mailed the foregoing document and the notice of electronic filing by first class mail to the following:

> Alexandra Wald (AW-0225)
> COHEN & GRESSER, LLP
> 100 Park Avenue
> 23rd Floor
> New York, New York 10017

s/thomas j. fitzgerald
Thomas J. FitzGerald (TF 2426)
tfitzgerald@lathropgage.com
LATHROP & GAGE L.C.
230 Park Avenue, Suite 1847
New York, NY 10169
Telephone: (212) 850-6220
Facsimile: (212) 850-6221

*Attorneys for Defendant
The Stride Rite Corporation*

8