UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――― x
: 
DR. STEVEN E. ROBBINS, :
:
                           Plaintiff, : **PLAINTIFF'S REPLY TO**
: **DEFENDANT'S**
    - against - : **COUNTERCLAIM**
:
THE STRIDE RITE CORPORATION, : 07-CV-7069 (LTS)
:
                          Defendant. :
:
―――――――――――――――――――――――――― x

      Plaintiff Dr. Steven E. Robbins ("Dr. Robbins"), by and through his undersigned counsel, Cohen & Gresser LLP, as and for his Reply to the Counterclaim ("Counterclaim") of Defendant The Stride Rite Corporation ("Defendant"), states as follows:

### REPLY TO COUNTERCLAIM

    1.    Admits that the Counterclaim purports to arise under the Patent Laws, Title 35, United States Code, and purports to be an action for declaratory judgment of patent invalidity, unenforceability, and noninfringement under 28 U.S.C. §§2201, 2202 and 1338(a) and denies the remaining allegations in paragraph 1.

    2.    Admits that this Court has jurisdiction over actions arising under the United States patent laws pursuant to 28 U.S.C. §§ 1338 and 2201 and over actions for declaratory judgment under 28 U.S.C. §2201 where an actual case or controversy exists, and that Stride Rite purports that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 and denies the remaining allegations in paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3.

4. Admits the allegations in paragraph 4.

5. Admits the allegations in paragraph 5.

6. Denies that an actual case or controversy exists between Defendant and Dr. Robbins regarding the validity, enforceability and infringement of the '426 patent, except admits that Defendant purports to assert that a case or controversy exists and denies the remaining allegations in paragraph 6.

7. Denies the allegations in paragraph 7.

## AFFIRMATIVE DEFENSES

### First Defense – Failure to State a Claim

1. The Counterclaim fails to state a claim on which relief may be granted.

### Second Defense – Standing

2. Dr. Robbins has standing to bring this action because the '426 patent is valid, not void and enforceable.

### Third Defense – Infringement

3. One or more claims of the '426 patent are infringed, either literally or under the doctrine of equivalents, by one or more products made, used, sold, imported or offered for sale by Defendant, and/or by Defendant's inducement or contributory infringement.

### Fourth Defense – Validity, Enforceability

4. The '426 patent is valid, enforceable and not void.

### Fifth Defense – Unclean Hands

5. Defendant's purported claims, individually or as a whole, are barred by the doctrine of unclean hands.

### Sixth Defense – Laches, Issue Preclusion, Estoppel, Waiver, and/or Acquiescence

6. Defendant's purported claims, individually or as a whole, are barred by one or more doctrines of laches, issue preclusion, estoppel, waiver, and/or acquiescence.

### Seventh Defense – Mootness (Declaratory Judgment Action)

7. Defendant's purported declaratory judgment action has been rendered moot by Dr. Robbins' affirmative claims for patent infringement, as alleged in Dr. Robbins' Complaint.

**WHEREFORE**, Dr. Robbins demands the following relief:

(i) That the Counterclaim be dismissed with prejudice, and that all relief requested in Defendant's Prayer for Relief be denied;

(ii) Entry of judgment in favor of Dr. Robbins;

(iii) Grant of the relief sought in Dr. Robbins' Complaint; and

(iv) That Dr. Robbins be awarded his costs, expenses, attorneys' fees and such other proper relief as this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all triable issues.

Dated: New York, New York
October 25, 2007

                            **COHEN & GRESSER LLP**

By:       /s/
Lawrence T. Gresser (LG 2801)
Karen H. Bromberg (KB 2153)
Alexandra Wald (AW 0225)
Damir Cefo (DC 1507)
100 Park Avenue, 23rd Floor
New York, NY 10017
(212) 957-7600
*Attorneys for Plaintiff*
*Dr. Steven E. Robbins*