IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

William R. Hansen (WH 9446)
Thomas H. Curtin (TC 5753)
Thomas J. FitzGerald (TF 2426)
LATHROP & GAGE L.C.
230 Park Avenue, Suite 1847
New York, New York  10169
(212) 850-6220 (Tel)
(212) 850-6221 (Fax)
Attorneys for Defendants/Counterclaim-Plaintiffs

---------------------------------------------------------------X
DR. STEVEN E. ROBBINS,

                    Plaintiff,

   -against-                            07 CV-7069 (LTS)

THE STRIDE RITE CORPORATION,

                    Defendant.
---------------------------------------------------------------X

## DEFENDANTS' RULE 26(A) DISCLOSURES

Defendant/Counterclaim Plaintiff, The Stride Rite Corporation ("Stride Rite"), pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, submits the following Initial Disclosures in the above-captioned action. Stride Rite's investigation is ongoing and these initial disclosures are based upon the information reasonably available to them at this time.  Stride Rite reserves the right to remove from these disclosures any individual if Stride Rite learns that the information known by such individual is not discoverable.  Also, pursuant to Fed. R. Civ. P. 26(e), Stride

1

Rite reserves the right to modify or supplement the information provided in these Initial Disclosures based upon continuing investigation and discovery in this action.

## A. WITNESSES STRIDE RITE MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES

The following individuals and entities are believed to have discoverable information that Stride Rite may use to support its claims or defenses. Stride Rite reserves the right to identify additional potential witnesses as discovery progresses.

1. Robin Gardner, Vice President of Product Development, Sperry Top-Sider, Inc., is presently employed at Stride Rite's Massachusetts corporate headquarters. Among other things, Mr. Gardener has knowledge relating to the development of the accused Sperry Gold Cup 2-eye shoe identified in the Complaint.

2. David Nau, Vice President of Men's Design, Sperry Top-Sider, Inc., is presently employed at Stride Rite's Massachusetts corporate headquarters. Among other things, Mr. Nau has knowledge relating to the development of the accused Sperry Gold Cup 2-eye shoe identified in the Complaint.

3. Jay Cheney, Director, Research & Development, Stride Rite Sourcing International, Inc., is presently employed at Stride Rite's Massachusetts corporate headquarters. Among other things, Mr. Cheney has knowledge relating to the development and production of the accused Sperry Gold Cup 2-eye shoe identified in the Complaint.

4. Steven Gay, Director for Sperry Top-Sider, China Operations, Stride Rite Sourcing International, Inc. Among other things, Mr. Gay has knowledge relating to the development and production of the accused Sperry Gold Cup 2-eye shoe identified in the Complaint.

5. Frank Ripole, Nancy Lepann and perhaps other representatives of Jones & Vining, Inc., 1115 West Chestnut Street, Brockton, MA 02301, through which the insoles used

on the accused Sperry Gold Cup 2-eye shoe were procured. Among other things, these representatives of Jones & Vining may have knowledge regarding the development and production of the insole used in the accused Sperry Gold Cup 2-eye shoe identified in the Complaint.

6. Plaintiff and his agents, consultants and attorneys, who presumably have knowledge of the claims made in the complaint and of facts relevant to the defenses raised by Stride Rite.

7. Expert witnesses as Stride Rite deems necessary or appropriate.

8. Witnesses identified in the Rule 26(a) disclosures of Plaintiff or any other parties which may be added to this action, in discovery or through Stride Rite's continuing investigation of relevant facts, evidence and witnesses.

9. Rebuttal witnesses

### B. DOCUMENTS AND TANGIBLE THINGS STRIDE RITE MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES

1. Documents relating to the design and manufacture of the Sperry Gold Cup 2-Eye product.

2. Documents relating to the promotion, advertisement and sale of the Sperry Gold Cup 2-Eye product.

3. Documents relating to the sales of the Sperry Gold Cup 2-Eye product.

4. Documents sufficient to show the location of Stride Rite's material witnesses.

5. Documents relating to the absence of patent infringement by Stride Rite.

6. Any documents identified through Stride Rite's continuing investigation of relevant facts, evidence and witnesses.

7. Documents relied upon by any expert in this case.

8. Rebuttal documents.

Investigation as to the location of the above identified documents is ongoing, but a substantial portion of these documents are located at the offices of Stride Rite and/or its counsel. As to any confidential, non-privileged documents falling within the categories above which are in Stride Rite's possession or control, such documents will be produced after entry of a stipulated Protective Order to preserve the confidentiality of trade secrets and other sensitive and proprietary commercial information, the unprotected disclosure of which my competitively harm Stride Rite.

### C. COMPUTATION OF ANY DAMAGES CLAIMED BY STRIDE RITE

Stride Rite does not presently seek damages from the Plaintiff (although Stride Rite does seek to recover its costs and attorneys' fees under 35 U.S.C. § 285).

### D. APPLICABLE INSURANCE POLICIES THAT MAY COVER PART OF ANY JUDGMENT AGAINST STRIDE RITE

Stride Rite is currently investigating whether or not it has any insurance policies under which any insurance company may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment. Once that investigation is complete, Stride Rite will make any applicable policies available for inspection and copying at a time and place mutually agreeable to the parties.

Dated: New York, New York
       December 7, 2007

                LATHROP & GAGE L.C.

By: _____
    William R. Hansen (WH 9446)
    Thomas H. Curtin (TC 5753)
    Thomas J. FitzGerald (TF 2426)

230 Park Avenue, Suite 1847
New York, New York  10169
(212) 850-6220 (tel)
(212) 850-6221 (fax)

William A. Rudy (MO #36996)
David V. Clark (MO # 35134)
Travis W. McCallon (MO #56979)
2345 Grand Blvd., Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 282-2000
Facsimile: (816) 292-2001

*Admitted Pro Hac Vice*

Attorneys for Defendants/
Counterclaim-Plaintiffs
The Stride Rite Corporation

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendants/Counterclaim Plaintiffs' Rule 26(a) Disclosures was served via U.S. Mail, postage prepaid, this 7th day of December, 2007, addressed to the following:

> Karen H. Bromberg
> Alexandra Wald
> Damir Cefo
> COHEN & GRESSER, LLP
> 100 Park Avenue, 23rd Floor
> New York, New York 10017
>
> Attorneys for Plaintiff/Counterclaim Defendant

*[Signature]*
Thomas L. FitzGerald

NYDOCS 55068v2