UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————— x

DR. STEVEN E. ROBBINS,

                Plaintiff,

      - against -

THE STRIDE RITE CORPORATION,

                Defendant.

———————————————————————— x

CIV. A. NO. 07 CV-7069 (LTS)

## PRELIMINARY PRE-TRIAL STATEMENT

In accordance with the Court's Initial Conference Order of August 31, 2007 ("Order"), counsel for Plaintiff and Counterclaim Defendant Dr. Steven E. Robbins ("Dr. Robbins") and Defendant and Counterclaim Plaintiff Stride Rite Corporation ("Stride Rite") conferred by telephone on November 20, 2007 with respect to the various scheduling and related matters set forth in the Order, and thereafter further conferred about these matters to facilitate filing of their joint submission. The parties, by and through undersigned counsel, hereby jointly submit the following Preliminary Pre-Trial Statement, with any differences in their position noted.

The parties have also agreed on a schedule for relevant dates and jointly submit herewith the attached "Proposed Case Schedule" for the Court's consideration.

{1161-002/00022596.DOCv4}

A.   Concise Statement of the Nature of This Action

Dr. Robbins filed a civil action against Stride Rite for infringement of United States Patent No. 6,343,426 ("the '426 patent" or "the patent-in-suit") brought pursuant to the United States patent laws, 35 U.S.C. § 271, *et seq.* The subject matter of the '426 patent relates generally to the function of soles in articles of footwear, the soles having a resiliency index, thickness and/or hardness within a defined range set forth in the claims.

Dr. Robbins is the named inventor and alleges that he is the sole owner of all rights, title and interest in and to the '426 patent.

Dr. Robbins further alleges that Stride Rite has infringed in the past, and still is infringing, the '426 patent in its sales of footwear products including, but not limited to, SPERRY Gold Cup 2-eye shoes and other products that fall within the claimed range.

Stride Rite filed an Answer, affirmative defenses and Counterclaim, alleging, *inter alia*, the unenforceability and invalidity of the '426 patent.

On October 25, 2007, Dr. Robbins filed a Reply to the Counterclaim, raising various affirmative defenses of validity, enforceability, infringement, Stride Rite's unclean hands, laches and mootness of the declaratory judgment action.

B.   Jurisdiction

The parties do not dispute that jurisdiction within this judicial district is proper.

C.   Material Uncontested or Admitted Facts

Notwithstanding efforts to do so, the parties to date have been unable to agree to a substantial number of uncontested material facts, but both parties expect that the discovery process will result in a number of additional agreed facts. The following facts are uncontested:

1. Plaintiff's Complaint purports to be a civil action for infringement of United States Patent No. 6,343,426 ("the '426 Patent") brought pursuant to the United States patent laws, 35 U.S.C. § 271, et seq.

2. The '426 patent, entitled "Resilient Sole for Use in Articles of Footwear to Enhance Balance and Stability," was issued by the United States Patent and Trademark Office on February 5, 2002.

3. Dr. Robbins is the named inventor and owner of the '426 patent.

4. Stride Rite is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 191 Spring Street, Lexington, Massachusetts 02421.

5. Sperry Top-Sider, Inc. ("Sperry Top-Sider") is a wholly-owned subsidiary of Stride Rite.

6. Sperry Top-Sider supplies and/or sells footwear products, including without limitation a model named the Sperry Gold Cup 2-Eye to various retailers in the United States, including retailers in this judicial district.

7. Sperry Top-Sider imports into, offers for sale, sells, designs and/or develops in the United States, either directly, or through its affiliates, subsidiaries and/or distributors, articles of footwear and soles including the Sperry Gold Cup 2-Eye.

8. Counsel for the Plaintiff sent Stride Rite a copy of the '426 Patent and invited discussion on a possible licensing opportunity.

D. <u>Uncontested Legal Issues</u>

At present, there are no uncontested legal issues.

E. <u>Legal Issues to be Decided by the Court</u>

1. The issues to be resolved in this litigation include the infringement, enforceability, and/or validity of the '426 patent. Determination of infringement, validity and enforceability of the '426 patent will in substantial part depend on the construction of the patent claims, to determine their legal scope. These questions are matters of law for the Court. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996). In the attached "Proposed Case Schedule," the parties have suggested a framework and schedule for the briefing and hearing of contested claim construction issues that the parties will ask the Court to resolve.

2. Dr. Robbins has alleged that Stride Rite's infringement has been willful. In the event of such a finding, the decision whether and to what extent to increase the amount of damages (up to three times) pursuant to 35 U.S.C. §284 is a matter of law/discretion for the Court, subject to applicable legal guidelines.

3. Each party has sought its fees and expenses as a prevailing party under 35 U.S.C. §285. The determination of whether this is an "exceptional case" and, if so, whether an award of fees and expenses is justified, are matters of law/discretion for the Court, subject to applicable legal guidelines.

F. Concise Statement of Material Disputed Facts

1. The issue of infringement ultimately is a question of fact after the claims of the patent have been construed as a matter of law by the Court. At this time, it is not known whether there is or will be any genuine dispute about which products are accused of infringement. Further discovery is expected to clarify such matters.

2. The parties anticipate that disputed questions of fact will exist as to whether the Sperry Gold Cup 2-Eye or any other accused footwear infringes any claims of the '426 Patent.

3. The parties anticipate that disputed questions of fact will exist as to whether the Sperry Gold Cup 2-Eye or any other accused footwear has a resiliency index, thickness and hardness within the ranges claimed in the '426 Patent.

4. The parties anticipate that disputed questions of fact will exist as to whether Dr. Robbins has been, is being, and will be damaged, and if so, the amount of such damage, if any.

5. The parties anticipate that disputed questions of fact will exist with respect to whether Stride Rite's alleged infringement has been willful.

6. The parties anticipate that disputed questions of fact will exist as to whether Dr. Robbins has been and will continue to be harmed, and the propriety and necessity for injunctive relief if Dr. Robbins prevails in this action.

7. The parties anticipate that disputed questions of fact will exist with respect to whether the '426 Patent was duly and legally issued by the United States Patent and Trademark Office and is valid and enforceable.

8. The parties anticipate that disputed questions of fact also are likely to exist relevant to Stride Rite's defenses of failure to state a claim, unclean hands, standing, and lack of invention within the meaning of Title 35 of the U.S. Code.

G. <u>Legal Bases for Causes of Action</u>

<u>Dr. Robbins' Claim</u>

Dr. Robbins' claim is for patent infringement. The legal basis for such a claim resides in 35 U.S.C. §271, which specifies acts that, when undertaken without the authorization of the patent owner, constitute infringement. In this action, and subject to further discovery, Dr. Robbins alleges that Stride Rite has engaged in direct or indirect infringement (35 U.S.C. §271), including contributory and/or inducement of infringement.

Infringement of a patent claim exists when the accused product or methods meets, either literally or through an "equivalent," each element of the claimed invention. Dr. Robbins alleges that Stride Rite's Sperry Gold Cup 2-eye meets, either literally or through an "equivalent," each element of the claimed invention.

Dr. Robbins has also alleged that the infringement has been willful, knowing and deliberate. The statutory basis for this claim, and for the Court's discretion to increase damages up to three times the amount of any actual damages on the basis of a finding of willful infringement, is 35 U.S.C. §284. Dr. Robbins' request for an injunction is based upon 35 U.S.C. §283, and its request for attorneys' fees and expenses is authorized by 35 U.S.C. §285.

<u>Stride Rite's Counterclaim</u>

Stride Rite's counterclaim for declaratory relief of patent invalidity, unenforceability and noninfringement arises under the Patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* Stride Rite seeks a judgment declaring that Stride Rite's Sperry Gold Cup 2-Eye does not

infringe the '426 Patent under the Patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* Further Stride Rite seeks a judgment declaring that the '426 Patent is invalid and unenforceable.

A declaration of non-infringement is appropriate when the accused product or method does not meet, either literally or through an "equivalent," each and every element of the claims of the '426 patent.

With respect to invalidity and unenforceability, the statutory legal bases for Stride Rite's counterclaim reside in the conditions and requirements for patentability and enforceability set forth in 35 U.S.C. §101 *et seq.*

H.  Legal Bases for Defenses

Stride Rite's Defenses

Stride Rite's bases for defenses against Dr. Robbins' claims of patent infringement arise from 35 U.S.C. §§ 101, 102, 103, and 112 and from Dr. Robbins' conduct before the U.S. Patent and Trademark Office.

Dr. Robbins' Defenses

The statutory legal basis for Dr. Robbins' defenses to Stride Rite's counterclaim of non-infringement is 35 U.S.C. §271, and the statutory legal basis for his defenses of validity and enforceability reside in 35 U.S.C. §101 *et seq.*

I.  Measure of Proof and Burden of Proof

1. Dr. Robbins has the burden of proof of infringement by preponderance of the evidence.

2. Dr. Robbins has the burden of proof on damages by preponderance of evidence.

3. Dr. Robbins has the burden of proof on establishing willful infringement by clear and convincing evidence.

4. Stride Rite has the burden of proof of invalidity, and the burden is by clear and convincing evidence.

5. Stride Rite has the burden of proof of unenforceability due to inequitable conduct, and the burden is by clear and convincing evidence.

J.   Amendments to Pleadings

The Parties may wish to file amendments to the pleadings after they have had time to conduct some necessary discovery. Accordingly, the Parties have agreed that, subject to the approval of the Court, all amendments to pleadings will be completed by June 9, 2008.

K.   Trial by Magistrate

The Parties do not consent at this time to trial of the case by a magistrate judge.

L.   Initial Disclosures

Subject to the Approval of the Court, the parties have agreed to make their Initial Disclosures under Rule 26(a)(1) on December 7, 2007.

M.   Subjects for Discovery, Discovery Plan, Discovery Cut-Off

The Parties have set forth their proposed plan and schedule for discovery in the attached "Proposed Case Schedule" which sets out a pre-*Markman* fact discovery cut-off date of September 30, 2008, and a post-*Markman* supplemental fact discovery cut-off date of April 4, 2009 (or 30 days after *Markman* hearing, whichever is later).

With respect to anticipated subjects of discovery, the parties advise as follows with regard to broad categories of discovery, without prejudice to further subjects

becoming necessary as discovery proceeds, and without concession by either party that the stated categories of the other necessarily are relevant:

Dr. Robbins:

1. Details about the source, structure, manufacture and operation of products covered by the '426 patent that Stride Rite and its affiliates have made and sold to date ("accused products").

2. All marketing, advertising and sales materials relating to the accused products, and the identification of the customers thereof.

3. All sales revenues and profits realized for the accused products.

4. The development of the accused products.

5. The bases for Stride Rite's asserted defenses and counterclaim.

Stride Rite:

1. The bases for Dr. Robbins claims of patent infringement.

2. The alleged conception and reduction to practice of the alleged invention described and claimed in the '426 Patent.

3. The prosecution of the '426 Patent, as well as any related U.S. and foreign patents and patent applications.

4. Prior art, as defined under 35 U.S.C. §§ 102 and 103, to the '426 Patent, including all prior art cited to or by the PTO or to or by any foreign patent office.

5. Details about the source, structure, design, development and operation of any soles that Dr. Robbins claims embody all or any part of the alleged invention claimed in the '426 Patent.

6. Any attempts by Dr. Robbins to commercialize products allegedly embodying all or any part of any of the alleged invention claimed in the '426 Patent.

7. The bases for Dr. Robbins' claims for damages and/or injunctive relief.

8. Facts about any license(s) or offers to license the '426 Patent or any related Patents.

9. Details about any assignments or other transfers of the '426 Patent.

N. Expert Discovery

The parties will require expert testimony and evidence, and discovery related thereto. Please see the attached "Proposed Case Schedule" for the proposed agreed-upon schedule relating to this subject.

O. Limitations on Discovery

The parties have conferred regarding limitations on discovery and, other than as set forth below, have agreed that discovery shall be pursuant to and subject to the limitations found in the Federal Rules of Civil Procedure:

1. Stride Rite requests that Dr. Robbins, the sole inventor under the patent, be made available for at least 14 hours of deposition because Stride Rite does not believe that the 7 hours provided under Fed.R.Civ.P.30(d)(2) will be sufficient to allow Stride Rite adequately to explore such complicated issues as the alleged conception and reduction to practice of the claimed invention, the prosecution of the '426 Patent and issues relating to Stride Rite's defenses that the '426 Patent is invalid and unenforceable. In addition, the 14 hours requested is further justified by the fact that because Dr. Robbins is an individual party (as opposed to a corporate one) Stride Rite will not be able

to use Fed.R.Civ.P.30(b)(6) to obtain necessary information by deposition from multiple designees.

2.   Dr. Robbins opposes Stride Rite's request to depose Dr. Robbins for more than 7 hours, and sees no basis to depart from Rule 30(d)(2).

P.   Settlement

The parties have engaged in preliminary discussions about settlement, but so far no genuine progress has been made. The parties have agreed to exchange certain information to further explore the possibility of settlement.

Q.   Trial

The parties each have requested trial by jury of all issues so triable. Dr. Robbins estimates that trial of this action should not take in its entirety more than 6-8 trial days, and that Dr. Robbins' case can be presented in 3-4 days. Stride Rite estimates 10-15 total trial days, and 5-8 trial days for the presentation of its case.

R.   Other Orders

Dr. Robbins and Stride Rite will ask the court to enter a Stipulated Protective Order that will govern access to and use of information, documents and other things produced during discovery in this action. Dr. Robbins and Stride Rite do not believe that any additional orders from the Court are necessary at this time.

Respectfully submitted,

<div style="display: flex;">

Cohen & Gresser, LLP

_____
Karen H. Bromberg (SDNY KB2153)
Alexandra Wald (SDNY AW0225)
Damir Cefo (SDNY DC1507)
100 Park Ave., 23rd floor
New York, NY 10017
Telephone: (212) 957-7604
Facsimile: (212) 957-4514

*Attorneys for Plaintiff and
Counterclaim-Defendant
Dr. Steven E. Robbins*

Lathrop & Gage, L.C.

_____
William R. Hansen (WH 9446)
Thomas H. Curtin (TC 5753)
Thomas J. FitzGerald (TF 2426)
230 Park Avenue, Suite 1847
New York, NY 10169
Telephone: (212) 850-6220
Facsimile: (212) 850-6221

And

William A. Rudy (MO #36996)
David V. Clark (MO # 35134)
Travis W. McCallon (MO #56979)
2345 Grand Blvd., Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 282-2000
Facsimile: (816) 292-2001

*Admitted Pro Hac Vice
Attorneys for Defendant and
Counterclaim-Plaintiff
The Stride Rite Corporation*

</div>

{1161-002/00022596.DOCv3}
CC 1960518v3                                12

**Proposed Case Schedule**

12//7/2007: Rule 26 Disclosures exchanged

06/09/2008: Amendment to pleadings

09/30/2008: End of Fact Discovery

10/17/2008: Plaintiff's proposed Markman construction

10/31/2008: Defendant's proposed Markman construction

11/14/2008: Plaintiff provides proposed construction for additional terms requiring construction identified by Defendant.

12/5/2008: Joint Statement re agreed upon and disputed claim constructions

01/16/2009: Parties file simultaneous claim construction briefs

02/06/2009: Parties file simultaneous opposition claim construction briefs and request Markman hearing date.

03/07/2009: Court holds a Markman hearing on or after 03/06/2009 as the Court's schedule may allow.

04/04/2009: End of Post-Markman Supplemental Fact Discovery (or 30 days after Markman hearing, whichever is later)

05/08/2009: Parties serve initial expert witness disclosures/reports on issues for which they have the burden of proof (or 60 days after the Markman hearing, whichever is later).

30 days after service of initial expert reports: Parties serve rebuttal expert reports.

30 days after service of rebuttal expert reports: Close of Expert Discovery

30 days after close of expert discovery: Dispositive motion deadline.

30 days before date of final Pretrial conference: Other motions, including without limitation, limine motions.

30 days before date of final Pretrial conference: Conference of counsel to discuss pretrial matters

10 days before date of final Pretrial conference: Joint Pre-Trial Statement due.

5 days before Final Pretrial Conference: Proposed voir dire, requests to charge and verdict form.

30 days before Trial: Final Pretrial Conference.