2/27/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBBINS                              )
      Plaintiff,                  )
                                          )    Case No. 07-Civ-7069
v.                                   )    (LTS)(MHD)
                                          )
THE STRIDE RITE CORPORATION          )
                                          )       FEB 27 2008
      Defendant.                  )

## STIPULATED PROTECTIVE ORDER

The parties to this action having stipulated, through their respective counsel, to the entry of the following Protective Order Regarding Confidentiality ("Protective Order"), it is ORDERED that:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall only be used in this proceeding.

2. Use of any information or documents subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case or other litigation between the parties and shall not be used by any party, for any business, commercial, or competitive purpose. This Protective Order, however, in no way operates to restrict the disclosure or use of any information or documents that are known or become known through means or sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "confidential," documents, testimony, or other materials produced in this case that contain or that could lead to the disclosure of confidential business or commercial information. If any party to this action or subpoenaed third party claims that any document or other material produced by

CC 1973704v2

such party or third party is confidential, or that any information contained in the document or material is confidential, then the party or third party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "Confidential."

4. The parties, and third parties subpoenaed by one of the parties, also may designate as "attorneys' eyes only," documents, testimony, or other materials produced in this case that contain confidential business or commercial information as to which the producing party contends it would suffer competitive injury if such information were to be disclosed to the other party. If any party to this action or subpoenaed third party claims that any document or other material produced by such party or third party or any information contained in the document or material falls within this category, then the party or third party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "Attorneys' Eyes Only."

5. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" are filed with the Court, they shall be filed under seal and marked as follows:

> CONFIDENTIAL or ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPHS 8 AND 9 OF THE PROTECTIVE ORDER.

6. At or within fourteen days after receipt of the transcript of the deposition of any party or witness in this case, if the questioning is such that the party or witness determines that the answers disclose confidential information or could lead to the disclosure of confidential information, such party or witness may designate that information Confidential or Attorneys'

Eyes Only, and, when filed with the Court, the transcript containing this material shall be under seal and marked in the manner described in paragraph 5. Absent an agreement by the parties to the contrary, the transcript of any deposition in this case shall be treated as Attorneys Eyes Only for the fourteen day period following receipt of that transcript or until confidentiality designations are made, whichever period is shorter.

7.  Confidential or Attorneys' Eyes Only information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc., have been filed under seal by counsel and marked in the same manner as described in paragraph 5 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

8.  Use of any information and documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

> a.  Dr. Robbins for Plaintiff, and the directors, officers and employees of Defendant or any other party to the above-captioned litigation for whom it is necessary to disclose the confidential information or documents.
>
> b.  Counsel for any party to the above-captioned litigation, attorneys of counsels' law firms and all employees of those firms, including, but not limited to, paralegal assistants, and stenographic and clerical employees.
>
> c.  Any individual retained or specially employed by a party as a witness or as an expert either in anticipation of litigation, preparation for trial or to testify at trial, and provided that such individual executes a statement agreeing to be bound by this Protective Order as follows: "I have been provided and have read the Stipulated Protective Order entered

in this case, and I expressly agree to be bound by its terms as ordered by the Court."

d.   The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

e.   The authors and original recipients of the documents.

f.   Employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation of this action.

9.   Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.   Outside counsel for any party to the above-captioned litigation, and all employees of outside counsel's firms, including, but not limited to, paralegal assistants, and stenographic and clerical employees.

b.   In-house counsel for any party to the above-captioned litigation, including, but not limited to, paralegal assistants and stenographic and clerical employees within the party's legal department. All in-house counsel and legal staff review or use of documents marked "Attorneys' Eyes Only" may occur only at the offices of outside counsel for the party, except as follows: Designated in-house counsel, which for Stride Rite Corporation shall be Michael Massey, Robert Carroll and Chuck Kraus, each shall be entrusted with a single copy of the "Attorneys' Eyes Only" documents for their personal use and shall not permit said documents, or information derived therefrom, to be viewed by, distributed to, or disclosed to any other in-house personnel, except for the following individuals: Michael Massey's administrative assistant (Trudy Filkins), Robert Carroll's administrative assistant (Shea Sheltrown), Chuck Kraus' administrative assistant (Donna Holden) and one Stride Rite paralegal assigned to this case (Nancy Rohn). Notwithstanding the foregoing, the parties may copy the in-house paralegal assigned to this case on electronic communications that contain Attorneys' Eyes Only information.

c.   Any individual retained or specially employed by a party as an expert either in anticipation of litigation, preparation for trial or to testify at trial, for whom it is necessary to disclose the confidential information or documents, who

- 4 -

is not, nor has ever been, an officer, director, or employee of a party and provided that such individual executes a statement agreeing to be bound by this Protective Order as follows: "I have been provided and have read the Stipulated Protective Order entered in this case, and I expressly agree to be bound by its terms as ordered by the Court."

d.   The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

e.   The authors and the original recipients of the documents.

f.   Employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation of this action.

10.   Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be (a) discussed by a party or (b) disclosed in a deposition or other hearing or proceeding, any party claiming confidentiality may exclude from the room any person, other than persons designated in Paragraphs 8 and 9 of this Protective Order, as appropriate, for that portion of the deposition, hearing or proceeding.

11.   This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information as provided under federal law. Nothing in this Protective Order shall prejudice any party from seeking amendments to it broadening or restricting the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

12.   Upon the request of the producing party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the other party(ies) shall return to every other party or witness all information and documents subject to this Protective

Order and any copies thereof. This material shall be delivered in sealed envelopes marked "Confidential" to respective counsel.

13. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court.

14. If any party believes that any information or documents have been inappropriately designated by another party or subpoenaed party as "Confidential" or "Attorneys' Eyes Only," the party shall, in writing, inform counsel for the party or the witness claiming the protected status. If the parties and/or the witness are unable to resolve the matter informally, the party objecting to the claim to protected status may then file an appropriate motion before the Court.

15. The inadvertent failure to designate a document, testimony, or other information as "Confidential" or "Attorneys' Eyes Only," prior to or at the time of disclosure shall not operate as a waiver of the party's right to later designate said document, testimony, or other information as "Confidential" or "Attorneys' Eyes Only."

16. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Stipulated Protective Order.

IT IS SO ORDERED.

Dated: New York, New York
       1/27/08 , 2008

LAURA TAYLOR SWAIN
United States District Judge

Agreed to by the parties:

| Cohen & Gresser, LLP | | Lathrop & Gage, L.C. |
|---|---|---|
| Karen H. Bromberg (SDNY KB2053)<br>Alexandra Wald (SDNY AW0225)<br>Damir Cefo (SDNY DC1507)<br>100 Park Ave., 23rd floor<br>New York, NY 10017<br>Telephone: (212) 957-7604<br>Facsimile: (212) 957-4514 | | William R. Hansen (WH 9446)<br>Thomas H. Curtin (TC 5753)<br>Thomas J. FitzGerald (TF 2426)<br>230 Park Avenue, Suite 1847<br>New York, NY 10169<br>Telephone: (212) 850-6220<br>Facsimile: (212) 850-6221<br><br>And<br><br>William A. Rudy (MO #36996)<br>David V. Clark (MO # 35134)<br>Travis W. McCallon (MO #56979)<br>2345 Grand Blvd., Suite 2800<br>Kansas City, Missouri 64108-2684<br>Telephone: (816) 282-2000<br>Facsimile: (816) 292-2001<br><br>*Admitted Pro Hac Vice* |
| *Attorneys for Plaintiff and Counterclaim-Defendant Dr. Steven E. Robbins* | | *Attorneys for Defendant and Counterclaim-Plaintiff The Stride Rite Corporation* |

- 7 -

CC 1973704v2